HOYER & HICKS
Richard A. Hoyer (SBN 151931)
rhoyer@hoyerlaw.com
Ryan L. Hicks (SBN 260284)
rhicks@hoyerlaw.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
*tel* (415) 766-3539
*fax* (415) 276-1738

UNITED EMPLOYEES LAW GROUP, PC
Walter Haines (SBN 71075)
walter@whaines.com
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
*tel* (562) 256-1047
fax (562) 256-1006

Attorneys for Plaintiff
CARL STEARNE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL STEARNE, on behalf of himself and all other Aggrieved Employees,<br><br>Plaintiff,<br><br>vs.<br><br>HEARTLAND PAYMENT SYSTEMS LLC, a Delaware Limited Liability Company, and GLOBAL PAYMENTS, INC., a Georgia Corporation,<br><br>Defendants. | Case No.<br><br>**REPRESENTATIVE ACTION**<br><br>**COMPLAINT FOR PRIVATE ATTORNEY GENERAL ACT PENALTIES BASED ON VIOLATIONS OF THE CALIFORNIA LABOR CODE**<br><br>**DEMAND FOR A JURY TRIAL** |

Pursuant to Labor Code §§ 2698, *et seq.* ("PAGA"), Plaintiff CARL STEARNE (hereinafter "Plaintiff"), on behalf of himself, all other Aggrieved Employees, and the state of California, by and through his attorneys, brings this lawsuit against Defendants HEARTLAND PAYMENT SYSTEMS LLC and GLOBAL PAYMENTS, INC. (collectively "Heartland" or "Defendants") seeking to recover penalties under the PAGA for Defendants' violations of the

California Labor Code, and specifically, the Healthy Workplaces, Healthy Families Act of 2014 ("HWHFA;" Labor Code §§ 245-249). Plaintiff complains and alleges as follows:

## INTRODUCTION

1. This is a representative action complaint against Defendants seeking penalties resulting from their failure to provide to provide paid sick leave to their California employees in violation of the Healthy Workplaces, Healthy Families Act of 2014 ("HWHFA;" Labor Code §§ 245-249). Specifically, Defendants refuse to: (1) provide paid sick leave to employees; (2) permit employees to accrue and/or use paid sick leave; (3) provide written employees with written notice that sets forth the amount of paid sick leave available in wages statements; (4) provide paid sick days upon the oral and/or written request of employees and denies them the right to use paid sick days; (5) display a poster in a conspicuous place in each workplace of the employer (either at their offices or at the actual workplaces of the individual employees, including their home offices) containing information related to the HWHFA; (6) keep records documenting hours worked and paid sick days accrued and used by employees; and (7) fails to meet the minimum requirements of the HWHFA. Plaintiff and the other Aggrieved Employees are current and former employees who performed work for Defendants in California at any time during the applicable period. Plaintiff seeks to represent other current and former employees who worked for Defendants in California in this representative PAGA action. Plaintiff alleges that Defendants have engaged in unlawful patterns and practices of failing to provide paid sick leave to employees as required by the California Labor Code, and specifically the HWHFA and numerous other violations of that Code.

2. Plaintiff CARL STEARNE worked more than thirty (30) days for Defendants in California after July 1, 2015. Defendants never provided him with any paid sick leave, and although all of his wage statements contained a box titled "current period leave accrual," there were never any entries indicating any accrued paid sick leave for Plaintiff.

3. Similarly, the other Aggrieved Employees were not permitted to accrued and/or utilize any paid sick leave, which is similarly reflected in their wage statements.

4. Defendants never provided Plaintiff or the other Aggrieved Employees with any information related to the HWHFA, and never provided them with any posters containing information related to the HWHFA or posted any such posters at their place of business, or at Plaintiff's place of business, as he was required to work from home as a commissioned sales employee.

5. Defendants also failed to keep records documenting the hours worked and corresponding paid sick days accrued and used by Plaintiff and the Aggrieved Employees, and otherwise failed to meet the minimum requirements of the HWHFA

6. As a result of these violations, Defendants are liable for penalties under the Private Attorney General Act, ("PAGA," Labor Code § 2698, *et seq.*) which Plaintiff seeks on behalf of all other Aggrieved Employees and the State of California. Plaintiff also seeks declaratory and injunctive relief, reasonable attorneys' fees, and costs under the PAGA.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1332 the Court has diversity jurisdiction. The amount in controversy is well in excess of $75,000. Plaintiff is a citizen of the State of California, while Defendants are citizens of Delaware and Georgia, respectively.

8. Pursuant to 28 U.S.C. §1391(b)(2) venue is proper in the Eastern District of California because all of the events and omissions giving rise to the claims occurred in the general vicinity of Sacramento, CA.

## PARTIES

9. The named Plaintiff resides in the state of California. Plaintiff worked in a sales position for Defendants from approximately February 2016 through May 2016.

10. On information and belief, Defendant HEARTLAND PAYMENT SYSTEMS LLC ("HPS") is a Delaware limited liability company. Its headquarters are listed on the California Secretary of State website as 10 Glenlake Parkway, North Tower, Atlanta, GA 30328. HPS has done business throughout California during the applicable period. At all relevant times, Defendant HPS has done business under the laws of California, has had places of business in the State of California, including in this judicial district, and has employed Aggrieved

Employees including Plaintiff in this judicial district. HPS is a "person" as defined in California Labor Code § 18. HPS is also an "employer" as that term is used in the California Labor Code.

11. On information and belief, Defendant GLOBAL PAYMENTS INC. ("GPI") is a Georgia corporation. Its headquarters are also listed on the California Secretary of State website as 10 Glenlake Parkway, North Tower, Atlanta, GA 30328. GPI does business in California and is the parent company of Defendant HPS. At all relevant times, Defendant GPI has done business under the laws of California, has had places of business in the State of California, including in this judicial district, and has employed Aggrieved Employees in this judicial district. GPI is a "person" as defined in California Labor Code § 18. GPI is also an "employer" as that term is used in the California Labor Code.

12. Plaintiff is informed and believe, and on that basis alleges, that, at all relevant times, each of the Defendants was the agent or employee of each of the remaining Defendants, and, in doing the things herein alleged was acting within the course and scope of such employment, and that Defendants authorized ratified, and approved, expressly or implicitly, all of the conduct alleged herein.

13. At all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

14. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

15. Plaintiff is informed and believes, and on that basis alleges, that Defendant GPI controlled the leave practices and policies (or lack thereof) of Defendant HPS' employees

who worked in California during the applicable period, such that GPI is a joint employer of the Aggrieved Employees and Plaintiff for the purposes of the violations of the California Labor Code as alleged herein.

## FACTUAL ALLEGATIONS

16. Defendants are in the business of providing merchant services (also known as payment processing services) to small businesses throughout the California and the United States. Defendants employ hundreds of employees, many of whom are Relationship Managers like Plaintiff. In the Relationship Manager position, employees like Plaintiff were responsible for closing sales on payment processing services, educating merchants and business owners on the payment processing industry, and upselling existing clients on other products and services for a specified sales territory. Plaintiff's sales territory was the Sacramento, CA area. On information and belief, Plaintiff estimates that at any one time Defendants employ at minimum dozens of Relationship Managers in California. Defendants also employ centralized support staff in California.

## PAGA REPRESENTATIVE ALLEGATIONS

17. On March 29, 2017, Plaintiff provided notice to the Labor Workforce and Development Agency ("LWDA") and also to Defendants of his intent to seek penalties pursuant to PAGA as required by that statute. If the LWDA intended to investigate Plaintiff's allegations, it had to provide Plaintiff notice of that intent. Sixty-five days have passed since since Plaintiff provided the LWDA notice, but Plaintiff did not receive any notice that the LWDA intended to investigate his allegations. Hence, pursuant to Cal. Labor Code § 2699.3(a)(2)(a-c), Plaintiff now has the right to bring a claim for PAGA penalties.

18. Plaintiff brings all causes of action as representative claims for penalties and relief under the PAGA. Plaintiff seeks penalties and relief on behalf of all Aggrieved Employees, initially defined as:

> All current and former employees of Defendants who worked for Defendants in the state of California, and who were employed for at least thirty days during the time period from March 29 2016 until resolution of this action. (the "Aggrieved Employees")

19. There are questions of law and fact common to Plaintiff are applicable to all Aggrieved Employees. These common questions of law and fact include, without limitation:

    a. Whether Defendants have violated and continue to violate the Healthy Workplaces, Healthy Families Act of 2014 ("HWHFA;" Labor Code §§ 245-249);

    b. Whether Defendants do not provide paid sick leave to their California employees;

    c. Whether Defendants do not permit employees to accrue or use paid sick days and also fails to provide employees with written notice that sets forth the amount of paid sick leave available in wage statements in accordance with Labor Code § 246;

    d. Whether Defendants do not provide paid sick days upon the written or oral request of employees and denies them the right to use accrued sick days in violation of Labor Code § 246.5;

    e. Whether Defendants willfully fail to display a poster in a conspicuous place in each workplace of the employer (either at their offices or at the actual workplaces of the individual employees, including their homes) containing the information related to the HWHFA in violation of Labor Code § 247;

    f. Whether Defendants fail to keep records documenting the hours worked and paid sick days accrued and used by employees in violation of Labor Code § 247.5;

    g. Whether Defendants' failure to provide paid sick leave to their employees in California also constitutes a violation of Labor Code § 248.5.

    h. Whether Defendants' failure to provide paid sick leave to their employees and meet the minimum requirements of the HWHFA also violates Labor Code § 249.

20. As described herein, during the Period one year prior to the filing of this action, Defendants' paid sick leave practices (or lack thereof) with respect to Plaintiff and other Aggrieved Employees who worked for them in California violated Labor Code §§ 245, 246, 246.5, 247, 247.5, 248.5, and 249.

21. Labor Code §§ 2699(a) and (g) authorize an Aggrieved Employee to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3.

Pursuant to those sections Plaintiff is entitled to recover civil penalties for Defendants' violations of the Labor Code as described hereinabove.

22. Pursuant to Labor Code § 2699.3, Plaintiff gave written notice to the California Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the Labor Code alleged to have been violated and the facts and theories to support the alleged violations. The LWDA failed to respond to that notice within sixty-five calendar days. Thus, under California law, Plaintiff is permitted by Labor Code § 2699.3(a)(2)(C) to file a Complaint for PAGA penalties.

23. Pursuant to Labor Code § 2699(g), Plaintiff is entitled to an award of reasonable attorneys' fees and costs in connection with his claim for civil penalties.

## FIRST CAUSE OF ACTION
### PAGA Penalties for Violation of Cal. Labor Code § 246
### (By Plaintiff and the Aggrieved Employees)

24. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

25. Cal. Labor Code § 246 requires employers to provide paid sick days to employees. The section sets out various permissible accrual calculation methods, but makes clear that all exempt and non-exempt employees are entitled to paid sick days as specified therein.

26. At all times material herein, Plaintiff and the Aggrieved Employees were entitled to paid sick days under § 246.

27. Defendants failed to provide paid sick leave as required by § 246, and failed to permit employees to accrue paid sick leave under any of the methods provided and/or approved under § 246.

28. As a proximate result of the aforementioned violations, Plaintiff and the Aggrieved Employees have been damaged in an amount according to proof at time of trial.

29. Wherefore, Plaintiff and the Aggrieved Employees request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**PAGA Penalties for Violation of Cal. Labor Code § 246.5**
**(By Plaintiff and the Aggrieved Employees)**

30. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

31. Cal. Labor Code § 246.5 prohibits, *inter alia,* employers from denying employees the right to use paid sick days, and requires employers to provide paid sick days for reasons identified therein.

32. Plaintiff and the Aggrieved Employees were entitled use paid sick days for the purposes identified in § 246.5.

33. Through their failure to provide paid sick leave of any kind or permit its accrual and/or use for any reason, Defendants denied Plaintiff and the Aggrieved Employees the right to use paid sick days for the purposes delineated in § 246.5 and hence, violated that section of the Labor Code.

34. As a proximate result of the aforementioned violations, Plaintiff and the Aggrieved Employees have been damaged in an amount according to proof at time of trial.

35. Wherefore, Plaintiff and the Aggrieved Employees request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**PAGA Penalties for Violation of Cal. Labor Code § 247**
**(By Plaintiff and the Aggrieved Employees)**

36. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

37. Cal. Labor Code § 247 requires employers to display, in each workplace of the employer, a poster in a conspicuous place containing information regarding the rights of employees related to paid sick leave, as listed in § 247(b).

38. Section 247 provides for a penalty of not more than $100 for each offense.

39. Defendants failed to display any such poster at the workplace of Plaintiff and the Aggrieved Employees, including their home offices, where large numbers of Aggrieved Employees were required to work. Defendants also failed to provide a copy of any such

poster to Plaintiff and the Aggrieved Employees themselves for display at their home offices.

40. As a proximate result of the aforementioned violations, Plaintiff and the Aggrieved Employees have been damaged in an amount according to proof at time of trial.

41. Wherefore, Plaintiff and the Aggrieved Employees request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**PAGA Penalties for Violation of Cal. Labor Code § 247.5**
**(By Plaintiff and the Aggrieved Employees)**

42. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

43. Cal. Labor Code § 247.5(a) provides as follows:

> An employer shall keep for at least three years records documenting the hours worked and paid sick days accrued and used by an employee, and shall allow the Labor Commissioner to access these records pursuant to the requirements set forth in Section 1174. An employer shall make these records available to an employee in the same manner as described in Section 226. If an employer does not maintain adequate records pursuant to this section, it shall be presumed that the employee is entitled to the maximum number of hours accruable under this article, unless the employer can show otherwise by clear and convincing evidence.

44. Defendants have failed to keep such records documenting the hours worked and paid sick days accrued and used by Plaintiff and the Aggrieved Employees, due to their failure to provide any paid sick leave.

45. As a proximate result of the aforementioned violations, Plaintiff and the Aggrieved Employees have been damaged in an amount according to proof at time of trial.

46. Wherefore, Plaintiff and the Aggrieved Employees request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**PAGA Penalties for Violation of Cal. Labor Code § 248.5**
**(By Plaintiff and the Aggrieved Employees)**

47. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

48. Cal. Labor Code § 248.5(b)(2) provides for penalties to be assessed when an employer violates the HWFHA, as follows:

> If paid sick days were unlawfully withheld, the dollar amount of paid sick days withheld from the employee multiplied by three, or two hundred fifty dollars ($250), whichever amount is greater, but not to exceed an aggregate penalty of four thousand dollars ($4,000), shall be included in the administrative penalty.

49. Cal. Labor Code § 248.5(b)(3) provides:

> If a violation of this article results in other harm to the employee or person, such as discharge from employment, or otherwise results in a violation of the rights of the employee or person, the administrative penalty shall include a sum of fifty dollars ($50) for each day or portion thereof that the violation occurred or continued, not to exceed an aggregate penalty of four thousand dollars ($4,000).

50. Cal. Labor Code § 248.5(c) provides:

> Where prompt compliance by an employer is not forthcoming, the Labor Commissioner may take any appropriate enforcement action to secure compliance, including the filing of a civil action. In compensation to the state for the costs of investigating and remedying the violation, the commissioner may order the violating employer to pay to the state a sum of not more than fifty dollars ($50) for each day or portion of a day a violation occurs or continues for each employee or other person whose rights under this article were violated.

51. Cal. Labor Code § 248.5(e) provides:

> The Labor Commissioner or the Attorney General may bring a civil action in a court of competent jurisdiction against the employer or other person violating this article and, upon prevailing, shall be entitled to collect legal or equitable relief on behalf of the aggrieved as may be appropriate to remedy the violation, including reinstatement, backpay, the payment of sick days unlawfully withheld, the payment of an additional sum, not to exceed an aggregate penalty of four thousand dollars ($4,000), as liquidated damages in the amount of fifty dollars ($50) to each employee or person whose rights under this article were violated for each day or portion thereof that the violation occurred or continued, plus, if the employer has unlawfully withheld paid sick days to an employee, the dollar amount of paid sick days withheld from the employee multiplied by three; or two hundred fifty dollars ($250), whichever amount is greater; and reinstatement in employment or injunctive relief; and further shall be awarded reasonable attorney's fees and costs, provided, however, that any person or entity enforcing this article on behalf of the public as provided for under applicable state law shall, upon prevailing, be entitled only to equitable, injunctive, or restitutionary relief, and reasonable attorney's fees and costs.

52. Through their failure to provide paid sick days to their employees, Defendants have violated the HWFHA for each and every day that Plaintiff and the Aggrieved Employees worked after July 1, 2015 that was after his or her thirtieth day of employment.

53. Plaintiff, on behalf of the Labor Commissioner, seeks all of the penalties available under § 248.5 on behalf of himself and the Aggrieved Employees pursuant to PAGA, along with interest as provided in § 248.5(f).

54. As a proximate result of the aforementioned violations, Plaintiff and the Aggrieved Employees have been damaged in an amount according to proof at time of trial.

55. Wherefore, Plaintiff and the Aggrieved Employees request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
### PAGA Penalties for Violation of Cal. Labor Code § 249
### (By Plaintiff and the Aggrieved Employees)

56. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. Cal. Labor Code § 249 establishes minimum requirements pertaining to paid sick days.

58. By their failure to provide any paid sick days to Plaintiff and the Aggrieved Employees, Defendants failed to meet those minimum requirements.

59. As a proximate result of the aforementioned violations, Plaintiff and the Aggrieved Employees have been damaged in an amount according to proof at time of trial.

60. Wherefore, Plaintiff and the Aggrieved Employees request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Aggrieved Employees pray for relief as follows:

a. For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

b. For an order awarding Plaintiff and the Aggrieved Employees civil penalties pursuant to the Labor Code provisions cited herein, with interest thereon;

c. For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law;

d. For all costs of suit;

e. For interest on any damages and/or penalties awarded, as provided by applicable law; and

f. For such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the Aggrieved Employees are entitled to a jury.

Respectfully submitted,

Date: June 6, 2017

HOYER & HICKS

/s/ Ryan L. Hicks
Ryan L. Hicks
Attorney for Plaintiff
CARL STEARNE