UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL STEARNE, on behalf of himself and all other Aggrieved Employees,<br><br>Plaintiff,<br><br>v.<br><br>HEARTLAND PAYMENT SYSTEMS LLC, et al.,<br><br>Defendants. | No. 2:17-cv-01181-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Carl Stearne ("Plaintiff") initiated this action against Defendants Heartland Payment Systems LLC and Global Payments, Inc., ("Defendants") seeking to recover for a variety of labor law violations. This action proceeds on Plaintiff's First Amended Complaint by which he seeks to recover penalties under California's Private Attorneys General Act of 2004, California Labor Code § 2698, et seq., ("PAGA") for Defendants' purported violations of the Healthy Workplaces, Healthy Families Act of 2014 ("HWHFA"), California Labor Code §§ 246, 246.5, 247.5 and 248.5, and pursues injunctive and restitutionary relief under California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200. Presently before the Court is Defendants' Motion to Dismiss the bulk of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the bases that: (1) the HWHFA expressly prohibits a private

1

plaintiff from recovering PAGA penalties; and (2) since Plaintiff is not a current employee of Defendants, he lacks standing to seek injunctive relief under the UCL.  ECF No. 12. For the following reasons, Defendants' Motion is GRANTED with leave to amend.[1]

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Id. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this Motion submitted on the briefing in accordance with Local Rule 230(g).

2

Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

Plaintiff concedes that as a former employee he lacks standing to pursue injunctive relief pursuant to California's UCL. Pl. Opp., ECF No. 14, at 2 n.1. Accordingly, Defendants' Motion is granted as to this form of relief pursued by way of Plaintiff's Fifth Cause of Action. See Byrd v. Masonite Corp., 215 F. Supp. 3d 859, 865 (C.D. Cal. 2016) ("Former employees lack standing to bring a claim for injunctive relief

///

against their employers because such employees do not stand to benefit from the injunction").

Defendants' Motion as to Plaintiff's PAGA claims is also well taken. The HWHFA contains its own enforcement mechanism which provides for the recovery of penalties as follows:

> The Labor Commissioner or the Attorney General may bring a civil action in a court of competent jurisdiction against the employer or other person violating this article and, upon prevailing, shall be entitled to collect legal or equitable relief on behalf of the aggrieved as may be appropriate to remedy the violation, including reinstatement, backpay, the payment of sick days unlawfully withheld, the payment of an additional sum, not to exceed an aggregate penalty of four thousand dollars ($4,000), as liquidated damages in the amount of fifty dollars ($50) to each employee or person whose rights under this article were violated for each day or portion thereof that the violation occurred or continued, plus, if the employer has unlawfully withheld paid sick days to an employee, the dollar amount of paid sick days withheld from the employee multiplied by three; or two hundred fifty dollars ($250), whichever amount is greater; and reinstatement in employment or injunctive relief; and further shall be awarded reasonable attorney's fees and costs, provided, however, that **any person or entity enforcing this article on behalf of the public as provided for under applicable state law shall, upon prevailing, be entitled only to equitable, injunctive, or restitutionary relief, and reasonable attorney's fees and costs**.

Cal. Lab. Code § 248.5(e) (emphasis added). Since this provision, which was enacted after California's PAGA, makes clear that persons or entities seeking to recover on behalf of the public may not recover penalties, each of Plaintiff's first four causes of action, which all seek PAGA penalties, fail. See Titus v. McLane Foodservice, Inc., 2016 WL4797497, *5 (observing that individuals are not entitled to penalties under California Labor Code § 246(h)).[2]

Plaintiff's argument that PAGA actions are brought on behalf of the State rather than on behalf of the public is unpersuasive. Although a PAGA litigant essentially stands in the shoes of the State, such actions are intended to benefit the public. See

---

[2] Although this Court is not bound by that decision and that court's observation is arguably dicta, the Court finds that decision to be consistent with this Court's analysis.

4

Bauman v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1123 (9th Cir. 2014) ("PAGA actions . . . primarily seek to vindicate the public interest in enforcement of California's labor law."); Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court, 46 Cal. 4th 993, 1003 (2009) ("In bringing such an action, the aggrieved employee acts as the proxy or agent of state labor law enforcement agencies, representing the same legal right and interest as those agencies, in a proceeding that is designed to protect the public, not to benefit private parties."). Accordingly, in this context, Plaintiff's distinction does not make a difference, and his first four claims are DISMISSED.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 12) is GRANTED with leave to amend consistent with the foregoing. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: February 6, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE